# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Latesha Brittmon<br>4809 Refugee Rd.<br>Columbus, Ohio 43232 | : | |
| | : | |
| Individually and on behalf of other members of the general public similarly situated, | : | Civil Action No. 1:17-cv-171 |
| | : | JUDGE |
| Plaintiff, | : | |
| | : | MAGISTRATE JUDGE |
| v. | : | |
| | : | |
| Upreach LLC<br>4488 Mobile Dr.<br>Columbus, Ohio 43220 | : | **Collective and Class Action Complaint** |
| | : | **Jury Demand Endorsed Hereon** |
| -and- | : | |
| | : | |
| Melissa Gourley, individually<br>4488 Mobile Dr.<br>Columbus, Ohio 43220 | : | |
| | : | |
| -and- | : | |
| | : | |
| Beth Hunter, individually<br>4488 Mobile Dr.<br>Columbus, Ohio 43220 | : | |
| | : | |
| Defendants. | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Latesha Brittmon (collectively referred to herein as "Plaintiff," "Named Plaintiff," or "Brittmon"), individually and on behalf of other members of the general public similarly situated, for their complaint against Defendants Upreach, LLC ("Upreach"), Melissa Gourley ("Gourley") and Beth Hunter ("Hunter") (collectively, "Defendants"), hereby state as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (Chapter 4111 and OPPA shall be collectively referred to as "the Ohio Law") and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Plaintiff

4. Named Plaintiff Latesha Brittmon is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff Brittmon was jointly employed by Defendants from approximately February 2015 through approximately July 2016.

6. During her employment with Defendants, Named Plaintiff Brittmon worked as a Support Specialist.

### B. Defendants

7. Defendant Upreach is an Ohio, for profit, limited liability company with its principal place of business in the Southern District of Ohio. Upreach is a home care staffing agency of direct care workers for the developmentally disabled in need of assistance. Defendant Upreach may be served through its Registered Agent Melissa Gourley at 5874 Northern Pine Pl, Columbus, Ohio 43231.

8. Upon information and belief, Defendant Melissa Gourley is Chief Executive Officer ("CEO") of Defendant Upreach, and is one of the owners of Upreach. Defendant Gourley is the Statutory Agent of Defendant Upreach.

9. Upon information and belief, Defendant Beth Hunter is one of the owners of Upreach.

10. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and O.R.C. Chapter 4111.

11. During relevant times, Defendants Gourley and Hunter, as owners, have had operational control over significant aspects of the day-to-day functions of Defendant Upreach, including the day-to-day functions of the Named Plaintiff and those similarly situated.

12. During relevant times, Defendants Gourley and Hunter have had the authority to hire, fire and discipline employees, including Named Plaintiff and those similarly situated.

13. During relevant times, Defendants Gourley and Hunter have had the authority to set rates and methods of compensation of Named Plaintiff and those similarly situated.

14. During relevant times, Defendants Gourley and Hunter have had the authority to control the work schedules and employment conditions of Named Plaintiff and those similarly situated.

15. During relevant times, Defendants Gourley and Hunter have had ultimate authority and control of employment records.

16. During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiffs and those similarly situated.

17. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiff and those similarly situated.

18. During relevant times, Defendants shared the services of Named Plaintiff and those similarly situated.

19. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiff and those similarly situated.

### III. FACTS

20. During her employment with Defendants, Brittmon worked as a Support Specialist providing companionship services, domestic services, home care, and other in-home services. Brittmon regularly worked more than 40 hours per week, but was not paid one and one-half her regular rate for all hours worked over 40.

21. At all times relevant herein, the Named Plaintiff was an employee of Defendants as defined in the FLSA and O.R.C. Chapter 4111.

22. Subject to the elimination of a previous exemption effective January 1, 2015, the Named Plaintiff was an hourly, non-exempt employee of Defendants before and as of that date as defined in the FLSA and O.R.C. Chapter 4111.

23. The Named Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and she has given their written consent to bring this collective action to recover

unpaid overtime under the FLSA and individually to recover unpaid overtime under O.R.C. Chapter 4111. The Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be a Party Plaintiff*, attached hereto as **Exhibit A**).

24. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and O.R.C. Chapter 4111.

25. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

26. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

27. During relevant times, Defendants suffered and permitted the Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates.

28. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

29. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

30. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## IV. COLLECTIVE AND CLASS ALLEGATIONS

31. The Named Plaintiff brings her FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former employees of Defendants who have worked as direct support professionals, support associates, caregivers, home health aides, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning January 1, 2015 through October 13, 2015, and were not paid time and a half for the hours they worked over 40 (the "216(b) Collective" or the "216(b) Collective Members").

32. Examples of employees that may be members of the 216(b) Collective includes, but may not be limited to, direct support professionals, support specialists, caregivers, home health aides, aides, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

33. Upon information and belief, there are upwards of approximately 250 similarly situated individuals.

34. The 216(b) Collective Members were no longer exempt from the FLSA as of January 1, 2015 because as of that date, the companionship exemption no longer applied to third-party employers such as Defendants. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

35. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the

Named Plaintiff, numerous putative 216(b) Collective Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. The Named Plaintiff is representative of those other similarly situated employees and are acting on behalf of their interests as well as her own in bringing this action.

36. The identity of the putative 216(b) Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

37. The Named Plaintiff brings her Ohio Law claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> All current and former employees of Defendants who have worked as direct support professionals, support associates, caregivers, home health aides, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning January 1, 2015 through October 13, 2015, and were not paid time and a half for the hours they worked over 40 (the "Rule 23 Class" or the "Rule 23 Class Members").

38. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

39. The Named Plaintiff is a member of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

40. The Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

41. The Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

42. The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

43. Questions of law and fact are common to the Rule 23 Class.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

47. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the MFWSA by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the MFWSA were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Rule 23 Class on account of

Defendants' violations of the MFWSA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

48. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the 216(b) Collective.

51. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

52. During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiff and the 216(b) Collective Members.

53. The Named Plaintiff and the 216(b) Collective Members were paid on an hourly basis and worked in non-exempt positions.

54. The Named Plaintiff and the 216(b) Collective Members regularly worked in excess of 40 hours in workweeks.

55. Defendants jointly violated the FLSA with respect to Named Plaintiffs and the 216(b) Collective by, *inter alia*, failing to compensate them at time and one-half times their regular rates for all hours worked over forty (40) hours in a workweek.

56. The Named Plaintiff and the 216(b) Collective Members were not exempt from receiving FLSA overtime benefits.

57. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants were doubtlessly aware of the January 1, 2015 exemption elimination for third party employers, yet Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Collective Members are entitled.

58. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the 216(b) Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

59. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the 216(b) Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the 216(b) Collective Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought under Ohio Law.

62. The Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are each an employer covered by the overtime requirements under Ohio Law.

63. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64. While jointly employed by Defendants, the Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all of their hours spent working.

65. Defendants' company-wide corporate policy failed to pay Plaintiff and the Rule 23 Class Members overtime wages beginning in January 1, 2015 when the exemption was eliminated for third party employers, resulting in unpaid overtime.

66. The Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

67. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and the Rule 23 Class were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

68. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, the Named Plaintiff

seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Rule 23 Class Members.

### THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. The Named Plaintiff and the Rule 23 Class Members were jointly employed by Defendants.

71. During relevant times, Defendants were covered by the OPPA and the Named Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

72. The OPPA requires Defendants to pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

73. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

74. The Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

75. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiff requests judgment against Defendants, jointly and individually, for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiff and the putative class and collective members per week, and if Defendants failed to keep accurate records in accordance with Ohio Law, Named Plaintiff, the 216(b) Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Named Plaintiff and the 216(b) Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiff, the FLSA Collective Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the FLSA Collective Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Granting the Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Date: <u>March 15, 2017</u>     Respectfully submitted,

*s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
Robert E. DeRose (0055214)
Jason C. Cox (0095169)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: rbaishnab@barkanmeizlish.com
       bderose@barkanmeizlish.com
       jcox@barkanmeizlish.com

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Coffman Legal, LLC
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for the Named Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.