UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LATESHA BRITTMON**, individually and on behalf of all similarly situated individuals, | : | Case No. 2:17-cv-00219 |
| | : | |
| Plaintiff, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| v. | : | |
| | : | |
| **UPREACH, LLC**, *et al*, | : | |
| | : | |
| Defendants. | : | |

**JOINT MOTION TO APPROVE SETTLEMENT**

Now comes Plaintiff, Latesha Brittmon individually and on behalf of similarly situated individuals, by and through her undersigned counsel, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), moves this Court for an Order approving settlement of the parties as memorialized in the Settlement Agreement and Release (the "Agreement"). The Agreement is attached hereto as **Exhibit A**.

As grounds for this Joint Motion, the Parties state:

1. This action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201, *et seq*.[1]

2. The Parties engaged in a settlement conference consisting of significant arm-length settlement negotiations.

3. The Agreement sets forth, among other terms, identity of Plaintiff and the FLSA Collective Members amount to be paid to them by Defendants. Under the Agreement the Parties

---

[1] Claims brought under the Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts").

1

have agreed to dismissal of this action with prejudice upon approval of this Motion by the Court and the Parties' full performance of their obligations set forth in the Agreement.

4. FLSA settlement agreements generally require approval by a Court or the U.S. Department of Labor. *See, e.g.,* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir.1982)).

5. For purposes of approval of the settlement, the parties hereby consent to Magistrate Judge Chelsea M. Vascura's exercise of jurisdiction over all proceedings, as authorized by 28 U.S.C. §636.

6. Courts approve FLSA settlement agreements where the overall terms of the settlement are fair and reasonable. *See Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("Before approving a settlement, a district court must conclude that it is fair, reasonable, and adequate."). To determine the fairness of a settlement under the FLSA, Courts consider whether the agreement reflects a reasonable compromise of disputed issues. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010) ("the court must determine whether such a question, or bona fide dispute, exists." (citations omitted); *Crawford v. Lexington-Fayette Urban County Gov't*, Case No. 06-299-JBC, 2008 WL 4724499, *2 (E.D. Ky. Oct. 23, 2008). Normally, a settlement is approved where it is the result of contentious arm's-length negotiations that were undertaken in good faith by counsel, and serious questions exist such that the value of an immediate recovery outweighs the possibility of further relief after protracted and expensive litigation. *See Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012

WL 1945144, at *6 (S.D. Ohio May 30, 2012) (citing *Bronson v. Board of Educ.,* 604 F.Supp. 68, 73 (S.D. Ohio 1984)).

7. The Parties respectfully request the Court to approve the settlement as memorialized in the Agreement because it is fair and reasonable. Contention remains as to several issues including, *inter alia*: (i) whether Plaintiff and FLSA Collective Members are exempt from the FLSA's overtime premium pay requirements; (ii) whether liquidated damages would be granted; and (iii) whether a three year statute of limitations would apply. Though this litigation is resolving at a relatively early stage, significant discovery has taken place. For example, Defendant has produced, and Plaintiff has analyzed, many pay and timekeeping records for Plaintiff and the FLSA Collective Members. Furthermore, settlement negotiations began in earnest around March 2018 and finally concluded in August resulting in the Agreement the Parties now seek to have approved.

8. The settlement reflects a reasonable compromise of the disputed issues and evaluations by both sides of the likelihood of success on the claims and defenses, and the costs, uncertainties, and inconveniences of trial and appeal. Moreover, the settlement was reached in an adversarial context in which both parties were represented by competent and experienced wage and hour counsel. The Parties, therefore, submit that the totality of the proposed settlement as contained in the Agreement is fair and reasonable.

9. The Agreement provides for the payment of Plaintiffs' attorneys' fees and expenses. The federal courts have long recognized the profound importance of plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b) is an "integral part of the merits of FLSA cases and part of the relief sought therein"). There is no specific numeric relationship

required between the amount of economic losses recovered and the amount of fees recoverable. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights").

10. The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). Indeed, "[a]n award of attorneys' fees under the FLSA is **mandatory**, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)). The standard for reviewing a request for attorney's fees is reasonableness. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991). Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley,* 19 F.3d at 1134-43. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3,

1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005) ("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").[2]

11. Pursuant to the terms of the Agreement, Defendant—without adopting the argument and authorities presented in paragraphs 8 and 9, above—has agreed to not oppose Plaintiffs' Counsels' Motion for Court approval of fees and expenses of **$49,333.33** incurred in this action.

12. Plaintiff has submitted sufficient evidence in support of the above amount of attorneys' fees and costs. The services rendered to Plaintiffs reflect the extensive experience Plaintiff's Counsel has in class and collective actions, FLSA and employment law experience that is outlined in the declarations submitted by Plaintiff's Counsel to the Court. (*See* **Ex. B**, Declaration of Robert E. DeRose and **Ex. C**, Declaration of Matthew J.P. Coffman). In addition to the evidence of attorneys' fees and costs, Plaintiff signed a fee agreement indicating that counsel would receive forty percent (40%) of the recovered amount. (See **Ex. D**, Contingent Fee

---

[2] *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.,* 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.,* 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

Agreement and Contract for Legal Services) However, Plaintiff's counsel reduced the recovery amount to one third of the recovery amount in an effort to be fair and equitable to Plaintiff and class members.

13. As of September 25, 2018, Plaintiffs' Counsel has expended approximately 138.3 hours and incurred approximately $681.61 in expenses. The attorney's fees of $49,333.33 after the reduction for costs equates to an average hourly rate of approximately $356.71 which is in-line with other FLSA settlements. See *Johnson v. Kestrel Engineering, Inc.*, 2016 WL 7655249, *2 (S.D. Ohio, September 22, 2016) (determined whether an effective rate reached by dividing amount of attorneys' fees sought by approximate expended hours reported, was reasonable when compared to the median ($288 per hour) and mean rate ($313 per hour) as reported by the Ohio State Bar Ass'n, *Economics of Law Practice in Ohio in 2013* report- determined the effective rate requested of $247.05 was reasonable by comparison); *Sakalas v. Wilkes-Barre Hospital Co.*, 2014 U.S. Dist. LEXIS 63823, *19 (M.D. Pa. May 8, 2014) (utilizing an "aggregate lodestar hourly billing rate of $500.56"); *Lenahan v. Sears, Roebuck & Co.,* 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 10, 2006) (utilizing "mixed" hourly attorney rate of $353.63); *West v. Border Foods, Inc.,* 2007 U.S. Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (utilizing in four-worker FLSA case attorney rates ranging from $550-$275 and a non-attorney rate of $125).

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court to approve the settlement as memorialized in the Agreement, to dismiss the Action with prejudice and to retain jurisdiction over performance of the Agreement.

Date: October 12, 2018.                                    Respectfully submitted,

<table>
<tr><td>

*s/ Robert E. DeRose*
Robert E. DeRose (OH Bar 0055214)
Jessica R. Doogan (OH Bar 0092105)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone:     (614) 221-4221
Facsimile:      (614) 744-2300
Email: bderose@barkanmeizlish.com
jdoogan@barkanmeizlish.com

Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Plaintiffs*

</td><td>

*s/ Vladimir P. Belo*
Jan E. Hensel (0040785)
Vladimir P. Belo (0071334)
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Phone: (614) 628-6880
Fax: (614) 628-6890
E-mail: jan.hensel@dinsmore.com
            janay.stevens@dinsmore.com

*Attorneys for Defendants Upreach, LLC, Melissa Gourley, and Beth Hunter*

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

This is to certify that on October 12, 2018, a copy of the foregoing *Joint Motion to Approve Settlement* was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

*s/ Robert E. DeRose*
Robert E. DeRose

*Attorney for Plaintiffs*
