# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Latesha Brittmon,**

    **Plaintiff,**

                              Case No. 2:17-cv-219

    v.                             Magistrate Judge Vascura

**Upreach LLC,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff Latesha Brittmon ("Plaintiff"), individually and on behalf of similarly situated individuals, and Defendants, Upreach, LLC, Beth Hunter, and Melissa Gourley (collectively, "Defendants" and together with Plaintiff, the "Parties") jointly move for settlement approval of this collective action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 59.) For the following reasons, the Court **GRANTS** the Parties' motion.

Plaintiff filed this action on March 15, 2017, seeking remuneration against Defendants for unpaid overtime wages pursuant to the FLSA; the Ohio Minimum Fair Wage Standards Acts ("MFWSA"); Ohio Revised Code § 4111; the Ohio Prompt Pay Act ("OPPA"); Ohio Revised Code § 4113.15; the Ohio Constitution, Art. II, § 34a; and 28 U.S.C. § 1331. This settlement only addresses individuals who opted in to the FLSA collective action or are otherwise named plaintiffs.

On April 4, 2017, Plaintiff moved for conditional certification and Court-supervised notice pursuant to 29 U.S.C. § 216(b). (ECF No. 4.) Defendants filed a motion to dismiss (ECF No. 6), but did not filed a response to Plaintiff's motion for conditional certification.

The Court granted in part Plaintiff's motion for conditional class certification and Court-supervised notice on January 23, 2018, denying the requests for text message and reminder notices. (Op. and Order 19–20, ECF No. 24.) The Court conditionally certified the following collective class:

> All current and former employees of Defendants who have worked as direct support professionals, support associates, caregivers, home health aides, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning January 1, 2015 through October 13, 2015, and were not paid time and a half for the hours they worked over 40.

(*Id.* at 24–25.)

Following the close of the opt-in period and additional discovery, the Parties participated in mediation and reached a settlement. The Parties jointly move for final approval of the collective action settlement. (ECF No. 59.)

Pursuant to the settlement, Defendants agree to pay a total amount of $148,000 to satisfy all monetary obligations under the settlement. (*See* Settlement Agreement ¶ 1, ECF No. 59-1.) The parties agree that Plaintiffs' counsel shall receive 40% of the overall settlement for attorney's fees, amounting to $49,333.33, and reimbursement for costs in the amount of $681.61, pursuant to the settlement agreement and in accordance with the contractual relationship between Plaintiff and her counsel. (*Id.* at ¶ 1(b).) Plaintiffs' counsel also seek a service award for Plaintiff in the amount of $5,000. (*Id.* at ¶ 1(c).)

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Lakosky v. Discount Tire Co., Inc.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015) (citation omitted). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto,*

2

*Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC*, No. 07-cv-430, 2011 WL 2532922, at *8 (S.D. Ohio June 24, 2011). Additionally, the Court must separately assess the reasonableness of any proposed award of attorney's fees and costs, even when they are negotiated as part of the settlement. *Lakosky*, 2015 WL 461786, at *1.

After a careful review of the Parties' motion and their settlement agreement, the Court finds that the settlement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties. There is no evidence the settlement agreement is the result of anything other than arm's length negotiations between experienced opposing counsel, mediated by a well-respected mediator. Prior to reaching an agreement, counsel had access to a sufficient amount of discovery to adequately assess the likelihood of success and the risks involved in continued litigation. Likewise, the proposed attorney's fees, costs, and service award to be distributed from the total settlement amount recovered by Plaintiff are fair and reasonable.

Accordingly, the Court **GRANTS** the Parties' motion (ECF No. 59), **APPROVES** their settlement agreement, **APPROVES** Plaintiff's counsel's request for attorney's fees and costs, and **APPROVES** the class representative award. The class is certified as a collective action for

settlement purposes only.  Finally, the Court notes that Plaintiff brought claims under not only the FLSA, but also under the MFWSA, OPPA, and the Ohio Constitution.  (*See* Compl., ECF No. 1.)  The settlement agreement does not purport to settle the state law claims of any person who did not opt in to the collective class or is not otherwise a named plaintiff; nor was any class certified pursuant to Federal Rule of Civil Procedure 23 as it relates to the state-law claims.  However, as the named Plaintiff has forfeited her rights to sue under Ohio law pursuant to the settlement agreement, the Court **DISMISSES** this case **WITH PREJUDICE**.

The Court shall **RETAIN JURISDICTION** to enforce the terms of the Parties' settlement.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE